# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

United States of America,

    Plaintiff,

    v.                                                                      No. CR 18-00925 WJ

JAMES VERDREAM

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S (1) MOTION FOR COMPASSIONATE RELEASE**
**and**
**(2) MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER comes before the Court upon the following *pro se* motions:

(1) Defendant's Motion for Compassionate Release, filed March 5, 2021 **(Doc. 87)**; and
(2) Defendant's Motion to Appoint New Counsel, filed May 25, 2021 **(Doc. 96).**

Both motions are denied.

Section 603(b) of the First Step Act modified 18 U.S.C. §3582(c)(1) to allow a defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights to appeal a failure of the Bureau of Prison ("BOP") to bring a motion on defendant's behalf, or the passage of 30 days from the defendant's unanswered request to the warden for such relief. To justify the type of compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." §3582(c)(1)(A)(c).

Defendant's pro se motion lists his disabilities, including hepatitis C, "chronic vein closure, "chronic severe pain" and "a very bad leg that I can't even walk on," Doc. 87 at 1, but he fails to state whether he has administratively exhausted his request to the BOP. This Court has

no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement. *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)); *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *4 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement) (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)).[1] **Until Defendant has shown that he has exhausted his administrative remedies, this Court lacks jurisdiction to consider his motion under §3582(c)(1)(A) to determine whether there are "extraordinary and compelling reasons" to warrant his release, and thus his request for compassionate release is DENIED for lack of exhaustion.**

Defendant also seeks appointment of "new" counsel to represent him in his request for compassionate release. However, counsel was never appointed for him for that request.

There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . . ." *Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir.), *cert. denied,* ⎯ U.S. ⎯⎯, 129 S.Ct. 134 (2008); *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (finding that district court did not abuse discretion in denying request for counsel for §3582 motion and citing other circuits applying this principle);*United States v. Webb,* 565 F.3d 789,

---

[1] Courts are split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such. *See also United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020) (acknowledging §3582(c) as "a jurisdictional statute" in case involving reduction in sentence where it was undisputed in that case that defendant had exhausted administrative remedies); *United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *1–2 (D.N.M. June 5, 2020) (noting that the Tenth Circuit "has held that exhaustion is a jurisdictional requirement for motions brought pursuant to §§ 3582(c)(1)(B) and (c)(2)," although it has not addressed whether the administrative exhaustion requirement under §3582(c)(1)(A) is jurisdictional) (citing *United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015) (noting that district court's authority to modify a sentence "only in specific instances" is jurisdictional).

794 (11th Cir. 2009) (noting that all circuit courts to consider this issue have held that there is no mandatory right to counsel for a §3582(c)(2) motion) (listing cases).

Defendant does not set forth any reason or particular circumstances which would persuade the Court that counsel should be appointed here. Further, pursuant to the Court's Administrative Order which put into place a process for appointment of counsel for compassionate release requests, the Court granted a 45-day period to allow the Federal Public Defender's Office time to investigate Defendant's request and determine whether to file an amended motion on Defendant's behalf. *See* Doc. 88; *see also* Admin. Order, 20-MC-00004-30. **That time has long expired, and the Court therefore DENIES Defendant's request for appointment of counsel.**

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE